UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH WAYNE WEBB,

    Petitioner,

v.

ALICE PAYNE,

    Respondent.

Case No.  C05-5088RJB

ORDER TO SHOW CAUSE

Petitioner is a state prisoner currently incarcerated at the McNeil Island Correction Center, located in Steilacoom, Washington. This matter is before the court on his petition for writ of *habeas corpus* filed with this court pursuant to 28 U.S.C. § 2254. (Dkt. #1).  Respondent has answered the petition and filed the relevant state court records.  Petitioner has filed a reply to respondent's answer.  After reviewing the record and the parties' submissions, the court hereby finds and ORDERS as follows:

FACTUAL AND PROCEDURAL HISTORY

On November 18, 1997, petitioner was found guilty of rape in the first degree and assault in the second degree in Mason County Superior Court following a trial by jury.  Respondent's Submission of Relevant State Court Record ("Record"), Exhibit 10, p. 1 (Dkt. #16).  Petitioner was sentenced to 147 months of confinement for the rape conviction, 14 months of confinement for the assault conviction, and

ORDER
Page - 1

1  36 months of community custody. Id. at p. 5.  Petitioner appealed both through his assigned counsel and
2  *pro se*, arguing in part that because it merged with the rape conviction, the assault conviction should have
3  been dismissed. Id., Exhibit 3, p. 1, and Exhibits 11 and 12.

4  On September 29, 2000, the Washington State Court of Appeals agreed and remanded the matter
5  to the trial court for re-sentencing under the merged rape conviction. Id. at p. 14.  It rejected the remaining
6  issues petitioner had raised in his *pro se* brief, however, and thus otherwise affirmed his conviction. Id.  On
7  October 17, 2000, plaintiff filed a *pro se* motion for reconsideration of the court of appeals' decision
8  affirming his conviction, which the court of appeals denied without comment on October 26, 2000. Id.,
9  Exhibits 15 and 16.

10  On November 30, 2000, pursuant to the court of appeals' remand order, the trial court re-
11  sentenced petitioner to 123 months of confinement on the rape conviction and 36 months of community
12  custody. Id., Exhibit 1, p. 5.  On December 26, 2000, petitioner filed a *pro se* petition for review of the
13  decisions of the court of appeals regarding his appeal and motion for reconsideration with the Washington
14  State Supreme Court, which was denied without comment on March 6, 2001. Id., Exhibits 18 and 20.

15  Petitioner filed a motion for relief from judgment and/or motion for new trial with the trial court on
16  June 4, 2001, which was denied on August 30, 2001. Petitioner's Additional Submission of Relevant State
17  Court Record ("Additional Submission"), Appendix A (Dkt. #20); Record, Exhibit 22, pp. 15-17.
18  Petitioner, both through assigned counsel and *pro se*, appealed the trial court's denial to the Washington
19  State Court of Appeals. Record, Exhibits 29 and 30.

20  The court of appeals denied petitioner's appeal on October 18, 2002. Additional Submission,
21  Appendix B (Dkt. #21).  On July 16, 2003, petitioner filed a *pro se* petition for review of the court of
22  appeals' denial with the Washington State Supreme Court. Id., Exhibit 25.  The supreme court denied that
23  petition without comment on February 4, 2004. Id., Exhibit 28.  Petitioner filed his federal *habeas corpus*
24  petition with this court on January 31, 2005.[1] (Dkt. #1).

---

26  [1]Although the petition was date stamped February 2, 2005, by the clerk, and therefore was actually filed with this court
   on that date, it was signed by petitioner on January 31, 2005. (Dkt. #1). Presumably this is the date petitioner delivered it to
27  prison authorities for forwarding to the court. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("[F]ederal and state habeas
   petitions are deemed filed when the pro se prisoner delivers them to prison authorities for forwarding to the Clerk of the Court.").
   This is the date respondent also indicates should be used to determine when petitioner filed his petition with this court. See
28  Respondent's Answer, p. 6 (Dkt. #15).  Accordingly, the date petitioner signed his petition shall be treated as the date he filed
   it with this court.

ORDER
Page - 2

DISCUSSION

I. Exhaustion of State Court Remedies

Exhaustion of state court remedies is a prerequisite to the granting of a petition for a writ of federal *habeas corpus* relief. 28 U.S.C. § 2254(b)(1). It must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). The exhaustion requirement may be satisfied by providing the highest state court with a full and fair opportunity to consider all claims before presenting those claims to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. Duncan v. Henry, 513 U.S. 364, 366 (1995) (citing Picard v. Connor, 404 U.S. 270 (1971) and Anderson v. Harless, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." Id.

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." Insyxiengmay, 403 F.3d at 668; Baldwin, 541 U.S. at 33.

II. Petitioner's Grounds for Federal *Habeas Corpus* Relief

Petitioner raises the following three main grounds for federal *habeas corpus* relief in his petition:

Ground One: Petitioner's conviction was obtained in violation of his Fourth, Fifth, Sixth, and Fourteenth Amendment right to be free from illegal search and seizure, right to a fair trial, and right to due process and equal protection of the law;

1   Ground Two: Petitioner was denied effective assistance of counsel, where counsel was deficient and representation was well below the functioning standard guaranteed by the Sixth Amendment, denying petitioner a fair trial; and

Ground Three: An accumulation of all of the trial errors denied petitioner his constitutional right to a fair and impartial jury trial in violation of his rights guaranteed under the Sixth Amendment.

Petition, pp. 5 and 6.

Within grounds one and two plaintiff further sets forth the specific bases upon which he claims his constitutional rights have been violated. For example, with respect to ground one, petitioner states his constitutional rights were violated due to: (a) prosecutorial misconduct; (b) the giving of improper jury instructions; (c) insufficient evidence upon which to base a guilty verdict; (d) the use of an "illegal" police officer in investigating petitioner's case; and (e) abuse of discretion on the part of the trial court. Id., pp. 5, 5(e)-(f), 5(l), 5(n). Some of these bases, such as prosecutorial misconduct and the trial court's abuse of discretion, contain a number of more detailed factual claims to support petitioner's allegations, each of which will be explored in greater detail below.

Respondent argues that except for the allegation regarding the giving of improper jury instructions and a portion of the allegation regarding the insufficiency of evidence under ground one, and a portion of ground two concerning the allegation of ineffective assistance of counsel, petitioner has failed to properly exhaust his state court remedies. For the reasons set forth below, the court agrees.

A.   Ground One

Petitioner first argues respondent concedes he has completed "one full round" of state court review in this case. While it is true that respondent so stated this, and that petitioner completed one full round of state court review in that he directly appealed his conviction to the state's highest court, doing so is not the same as "fairly and fully" presenting all federal claims to the state courts as is required before being able to bring such claims to federal court. Respondent's Answer, p. 15. Petitioner also argues the Washington State Court of Appeals' statement in its September 29, 2000 opinion that "from our independent review of the record we find no error," proves that he sufficiently apprised the state courts of all of his federal constitutional issues. See, Petitioner's Reply to Respondent's Answer ("Petitioner's Reply"), pp. 19-20 (Dkt. #21); Record, Exhibit 3, p. 14. The court of appeals, however, clearly was referring to the fact that, other than the merger issue, it found no trial court error concerning any of the issues petitioner had raised

ORDER
Page - 4

in his appeal. Record, Exhibit 3, p. 14.

Petitioner also takes issue with respondent's focus on the specific factual bases of ground one set forth in the petition in arguing that he has not exhausted his state court remedies. Instead, he argues that he only is required to present the "substance" of the federal constitutional claim to the state courts, citing to Picard v. Connor, 404 U.S. 270 (1971). Petitioner's Reply, p. 20. Petitioner argues he has done so in that the substance of his allegations have not changed throughout the state court proceedings and before this court. That is, plaintiff asserts that he continuously has alleged he was "unconstitutionally convicted" of a non-existent crime. Id. Petitioner, however, misreads Picard.

It is true that the United States Supreme Court did state in that case that "the substance of a federal habeas corpus claim must first be presented to the state courts." Picard, 404 U.S. at 278. It did so though solely to dispel any notion that it was holding that to properly raise an equal protection claim, a petitioner must cite "book and verse on the federal constitution." Id. (citation omitted). Indeed, as discussed above, subsequent Supreme Court and Ninth Circuit case law reveals that the exhaustion requirement will not be met unless the petitioner has fairly and fully developed the factual and legal bases for his federal claims to the state's highest court. Thus, merely stating that one has been unconstitutionally convicted or making "general appeals to broad constitutional principals, such as due process, equal protection, and the right to a fair trial," is "insufficient to establish exhaustion." Hivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing Gray v. Netherland, 518 U.S. 152, 162-63 (1996)).

That being said, the court will deal with each of the factual and legal bases of petitioner's grounds for seeking federal *habeas corpus* relief individually as set forth below.

        1.        <u>Fourth Amendment Claim</u>

Petitioner alleges that his conviction was obtained in violation of his Fourth Amendment right to be free from illegal search and seizure. Petition, pp. 5 and 5(q). Petitioner, however, did not present the issue of illegal search and seizure to the state courts until he filed his petition for review of the court of appeals' denial of his appeal of the denial of his motion for relief from judgment and/or motion for new trial. Record, Exhibit 25, p. 10-16. For a claim "to be fairly presented in the state courts" though, it "must have been raised throughout the state appeals process, not just at the tail end in a prayer for discretionary review." Casey v. Moore, 386 F.3d 896, 916 (9th Cir. 2004).

In addition, it is not entirely clear petitioner can be said to have alerted the state's highest court as to the federal nature of his claim. While petitioner did cite federal case law regarding illegal search and seizure and the Fourth Amendment, that citation was contained within a section of his petition for review alleging a violation of his right to equal protection under the law. Id., Exhibit 25, p. 11. In any event, as discussed above, petitioner's failure to raise the issue of illegal search and seizure earlier in the state court proceedings has resulted in his failure to properly exhaust this issue.

### 2. Prosecutorial Misconduct

Petitioner alleges the state engaged in prosecutorial misconduct during his trial, setting forth the following factual bases for that allegation:

(a) the prosecutor gave Detective Rodney Pfitzer, the lead police detective in petitioner's criminal case, information regarding petitioner's past conduct, which was then provided to the local news media;

(b) the state allowed Detective Pfitzer to hear the testimony of other state witnesses and to be called to give rebuttal testimony;

(c) the state admitted "'illegally' taken" photographs of plaintiff's injuries through Detective Pfitzer;

(d) Detective Pfitzer provided perjured testimony;

(e) the state "falsely presented crime scene" photographs through Detective Pfitzer as "confirmed evidence of [the] substances" in those photographs, without any testing of those substances;

(f) the state allowed Detective Pfitzer to provide testimony that presented petitioner as a "prior criminal";

(g) the state did not conduct testing of any of the evidence in the record, other than petitioner's t-shirt;

(h) the state improperly used the assault charge as an element of the rape charge;

(i) the state "continually tried" to have the jury hear "prior false allegations" regarding petitioner's past conduct;

(j) a juror was allowed to stay on the jury and was not questioned with respect to her husband's contact with state witnesses; and

(k) during closing argument, the state misinformed the jury regarding an "alternate way to convict" petitioner, misquoted state witness testimony, made comments on petitioner being "guilty" and "lying," and discredited defense counsel.

Petition, pp. 5, 5(a)-(e). As explained below, however, the court finds that with respect to each of these

ORDER
Page - 6

claims,[2] petitioner has failed to exhaust his state court remedies.

        a.   Claim (a)

Although petitioner did state in his first direct appeal to the Washington State Court of Appeals that the "prosecutor inappropriately gave information to a third party to get published and read over the local radio station," that statement was inserted into a section of his appellate brief discussing how the prosecutor "inappropriately appealed to jurors [sic] passion and prejudice to elicit a conviction during closing arguments." Record, Exhibit 12, pp. 39-40. Thus, it is not clear that the court of appeals would have even viewed this as an issue in and of itself.

In addition, although petitioner did include a quote from a federal case in the same paragraph, that quote appears to have been used for the purpose of demonstrating that the prosecutor's alleged misconduct was a violation of the state's rules of professional responsibility. Id. at p. 40. The portion of the case from which petitioner took the above quote, furthermore, actually deals with guilty pleas and the requirements of due process and not prosecutorial misconduct. See United States v. Briggs, 939 F.2d 222, 227-28 (5th Cir. 1991). As such, it does not seem reasonable to assume the court of appeals would have understood petitioner to be making a federal constitutional claim there.

Petitioner also did not properly raise the issue set forth in claim (a) before the state's highest court. Petitioner did request in the petition for review he filed with the Washington State Supreme Court that his claim of prosecutorial misconduct be accepted for review based on his *pro se* brief and that of his assigned counsel. Record, Exhibit 18, pp. 12-13. Presumably, this was a reference to the briefs that were filed with the court of appeals regarding petitioner's first direct appeal. Ordinarily, however, "a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material . . . that does so."[3] Baldwin, 541 U.S. at 32. Nothing in the petition for review indicated that petitioner's prosecutorial

---

[2] For purposes of clarity, in discussing each of these claims below, the court shall refer to them individually as claim (a), claim (b), claim (c), and so forth, respectively.

[3] Petitioner cites to Wells v. Maass, 28 F.3d 1005, 1008-09 (9th Cir. 1994), stating that the Ninth Circuit had found that the prisoner had fairly presented the federal claim at issue in that case by having referred in his petition for review to his court of appeals' brief, which did raise that issue. Wells, however, dealt not with the issue of whether the prisoner's state court remedies had been exhausted, but whether the district court properly had dismissed his claim due to procedural default. Id. at 1007. Thus, Wells is inapplicable here. Even it can be said to be applicable, Baldwin, a Supreme Court case decided in 2004, trumps Wells, a Ninth Circuit case decided a decade earlier.

ORDER
Page - 7

misconduct claim was of a federal nature. Indeed, even if the state supreme court had reviewed the prior appellate briefs, as discussed above, nothing therein indicated claim (a) was a federal constitutional claim. See Record, Exhibits 11 and 12.

        b.        Claims (b)-(j)

Petitioner did not present these specific prosecutorial misconduct claims either to the state court of appeals or to the state supreme court. See Id., Exhibits 12, 15, 18, 25, 27, 29-30, 33.

        c.        Claim (k)

Petitioner appears to have presented the factual bases of claim (k) to the state court of appeals in his *pro se* appellate brief, at least in regard to his allegations that the state misquoted the testimony of its witnesses, made comments on his guilt, and misinformed the jury regarding an "alternate way to convict" him. Id., Exhibit 12, pp. 32-38. Nothing in that brief, however, indicates that petitioner alerted the court of appeals as to the federal nature of those allegations. See Id. In addition, petitioner did not present any of these allegations to the state's highest court. See Id., Exhibit 18, 25.

       3.        Improper Jury Instructions

Petitioner alleges improper jury instructions regarding the definitions and use of the terms "sexual intercourse" and "sexual contact" in those instructions. Petition, pp. 5(e)-(f). Specifically, he argues the jury instructions relieved the state of its burden of proving sexual intercourse as an element of first degree rape, instead of requiring proof of only sexual contact. Id. Respondent admits, and the court finds, that petitioner fairly and fully presented this allegation as a federal claim to the state courts. Respondent's Answer, pp. 7, 12; Record, Exhibit 12 at pp. 19-21, Exhibit 18 at pp. 2-5. Accordingly, the court also finds that petitioner exhausted his state court remedies with respect to this issue.

       4.        Insufficiency of the Evidence

Petitioner alleges that there was insufficient evidence in the record upon which he could have been found guilty of first degree rape beyond a reasonable doubt. Specifically, petitioner asserts that there was insufficient medical and other evidence on which the state could prove the "sexual intercourse" element of the charge of rape in the first degree. Petition, pp. 5(g)-(i). The court finds that petitioner did fairly and fully presented this allegation as a federal claim to the state courts. Respondent's Answer, p. 16; Record, Exhibit 12 at pp. 10-18, Exhibit 18 at pp. 6-9. Thus, the court also finds petitioner exhausted his state court remedies with respect to this issue.

Petitioner further claims, however, that the evidence in the record shows that it is "mathematically impossible" for the rape to have occurred in the time frame alleged. Petition, pp. 5(i)-(l). While it appears that petitioner raised this time frame issue in his *pro se* appellate brief concerning his first direct appeal, it does not appear that he did so to the state's highest court. See Record, Exhibit 12 at pp. 14-15, Exhibit 18 at pp. 6-9. Thus, petitioner has failed to exhaust his state court remedies with respect to this allegation. Petitioner also alleges the evidence in the record is insufficient because it contained false testimony from the victim regarding her escape. Petition, p. 5(k). Again, however, petitioner did not raise this allegation before any of the state appellate courts. As such, he has failed to exhaust his state court remedies with respect to this allegation as well.

        5.      Use of "Illegal" Police Officer

Petitioner alleges he was denied a fair trial and due process and equal protection of the law when the trial court allowed "a dishonest person to illegally act as a police officer and play a major role" in his criminal case. Petition, p. 5(l). Petitioner raised this issue for the first time in the motion for relief from judgment and/or motion for new trial he filed on June 4, 2001. Additional Submission, Appendix A. It was raised again in petitioner's appeal of the trial court's denial of that motion, but neither petitioner nor his assigned counsel alerted the state court of appeals as to the federal nature of that claim. See Record, Exhibits 29-30, 33. Thus, although petitioner alerted the state's highest court as to the federal nature of that claim in his petition for discretionary review of the denial of his appeal of his motion for relief from judgment and/or motion for new trial (Id., Exhibit 25), he has failed to exhaust his state court remedies on this issue because he has not done so "at each level of state review." Baldwin, 541 U.S. at 29; Ortberg, 961 F.2d at 138.

        6.      Trial Court's Abuse of Discretion

Petitioner alleges the trial court abused its discretion, setting forth the following factual bases for that allegation:

(a) the trial court denied defense counsel's motion for change of venue after Detective Pfitzer provided the local media with information regarding petitioner's past conduct;

(b) the trial court allowed the state to charge petitioner with mixed information in the charging document, "where the statute and body of the information did not coincide";

(c) the trial court allowed Detective Pfitzer to be present during all other witness

ORDER
Page - 9

           testimony and to be recalled as a rebuttal witness;

(d)    the trial court allowed photographs, which were taken prior to a court order and used to aid in falsifying testimony, to be admitted into evidence;

(e)    the trial court allowed "crime scene" photographs to be "testified too [sic] as 'confirmed evidence' of 'blood substance'" and "'match of a hair sample,'" without "any DNA analysis to match" petitioner;

(f)    the trial court did not combine count I (rape in the first degree) and count II (assault in the second degree) before the trial, and allowed the state to rely on the conduct of one crime to prove another;

(g)    the trial court held an *in camera* meeting with the husband of a juror, without holding an *in camera* meeting with the juror herself for "confirmation";

(h)    the trial court allowed the state to add a jury instruction, which allowed the state to "find guilt of a non-existent crime . . . through alternate means.";

(i)    the trial court allowed the state to commit prosecutorial misconduct and obtain a conviction "which was impossible to have been committed";

(j)    the trial court denied petitioner the opportunity to present the rebuttal testimony of his private investigator; and

(k)    the trial court allowed its "biased sentencing opinion . . . to be controlling in the denial" of petitioner's motion for a new trial.

Petition, pp. 5(n)-(q). As explained below, however, the court finds that with respect to all but one of these claims,[4] petitioner has failed to exhaust his state court remedies.

                   a.    <u>Claim (a)</u>

    Petitioner did present and alert the state court of appeals to the federal nature of this claim. Record, Exhibit 12, pp. 29-32. Petitioner, however, did not present this claim to the state's highest court, let alone alert it to the federal nature of that claim, other than to request in the petition for review he filed with the Washington State Supreme Court that his claim of trial court abuse of discretion be accepted for review based on his *pro se* brief and that of his assigned counsel. Record, Exhibit 18, pp. 12-13. As discussed above, reference to prior appellate briefs is hardly sufficient for purposes of meeting the federal *habeas corpus* exhaustion requirement.

                   b.    <u>Claim (b)</u>

    While petitioner's assigned counsel raised this claim in the brief he filed in appealing petitioner's conviction to the state court of appeals, he did not alert that court as to the federal nature of this claim. <u>Id.</u>,

---

[4]Again, for purposes of clarity, in discussing each of these claims below, the court shall refer to them individually as claim (a), claim (b), claim (c), and so forth, respectively.

ORDER
Page - 10

Exhibit 11, p. 2 n.1. In addition, petitioner failed to present this claim at all to the state's highest court. Id., Exhibits 18, 25, 27. As such, he has not exhausted his state court remedies as to this claim.

      c.    <u>Claims (c)-(e)</u>

Petitioner did not present any of these specific trial court abuse of discretion claims either to the state court of appeals or to the state supreme court. <u>Id.</u>, Exhibits 11-12, 15, 18, 25, 27, 29-30, 33.

      d.    <u>Claim (f)</u>

Petitioner did present and alert the state court of appeals to the federal nature of this specific trial court abuse of discretion claim. <u>Id.</u>, Exhibit 12, pp. 24-25. Petitioner, however, did not present this claim to the state's highest court, let alone alert it to the federal nature of that claim, other than to request in the petition for review he filed with the Washington State Supreme Court that his claims of trial court abuse of discretion and double jeopardy be accepted for review based on his *pro se* brief and that of his assigned counsel. <u>Id.</u>, Exhibit 18, pp. 12-13. As discussed above, mere reference to prior appellate briefs is hardly sufficient for purposes of meeting the federal *habeas corpus* exhaustion requirement.

      e.    <u>Claim (g)</u>

Petitioner did not present this specific trial court abuse of discretion claim either to the state court of appeals or to the state supreme court. <u>Id.</u>, Exhibits 11-12, 15, 18, 25, 27, 29-30, 33.

      f.    <u>Claim (h)</u>

Petitioner appears to have presented and alerted the state courts as to the federal nature of this specific trial court abuse of discretion claim. <u>Id.</u>, Exhibit 12 at pp. 19-21, Exhibit 18 at pp. 2-5. Thus, the court finds he has exhausted his state court remedies with respect to this issue.

      g.    <u>Claim (i)</u>

Petitioner did not present this specific trial court abuse of discretion claim either to the state court of appeals or to the state supreme court. <u>Id.</u>, Exhibits 11-12, 15, 18, 25, 27, 29-30, 33.

      h.    <u>Claim (j)-(k)</u>

Petitioner did present and alert the state court of appeals to the federal nature of these specific trial court abuse of discretion claims. <u>Id.</u>, Exhibit 12, pp. 41, 43. Petitioner, however, did not present these claims to the state's highest court, let alone alert it to the federal nature of those claims, other than to request in the petition for review he filed with the Washington State Supreme Court that his claim of trial court abuse of discretion be accepted for review based on his *pro se* brief and that of his assigned counsel.

ORDER
Page - 11

Record, Exhibit 18, pp. 12-13. As discussed above, reference to prior appellate briefs is hardly sufficient for purposes of meeting the federal *habeas corpus* exhaustion requirement.

### B. Ground Two

With respect to ground two, petitioner claims he was denied effective assistance of counsel for the following reasons:

(1) defense counsel did not properly cross-examine "the accusing witness which in turn got Petitioner's private investigator's rebuttal testimony denied";

(2) defense counsel did not re-submit a motion for change of venue or request that a juror be interviewed *in camera* regarding her husband's conduct;

(3) defense counsel did not object to the state charging petitioner "with mixed information in the charging document, where the statute and the body of the information did not coincide";

(4) defense counsel did not object to the state's request to allow Detective Pfitzer, to be present during the testimony of other witnesses and then to be recalled as a rebuttal witness;

(5) defense counsel did not object to allowing certain photographs taken prior to a court order to be used as an aid to falsify testimony;

(6) defense counsel did not object to "crime scene" photographs being used as evidence at trial "without any DNA analyzation to match" petitioner;

(7) defense counsel did not combine count I (rape in the first degree) and count II (assault in the second degree) before trial;

(8) defense counsel did not object to the addition of a jury instruction that allowed the state to find guilt of a "non-existent" crime "through alternative means";

(9) defense counsel did not object to the state's prosecutorial misconduct;

(10) defense counsel did not submit her own jury instructions; and

(11) defense counsel did not object to the prosecutor's "misconduct" in "giving false testimony and attorney defamation during rebuttal closing argument."

Petition, pp. 5(q)-(t). As explained below, however, the court finds that with respect to all but five of these claims,[5] petitioner has failed to exhaust his state court remedies.

### 1. Claim (1)

Petitioner appears to have presented and alerted the state courts as to the federal nature of this specific ineffective assistance of counsel claim. Record, Exhibit 12 at p. 6, Exhibit 18 at pp. 9-10. The

---

[5] Once more, for clarity, in discussing each of these claims below, the court shall refer to them individually as claim (1), claim (2), claim (3), and so forth, respectively.

court thus finds he has exhausted his state court remedies with respect to this claim.

### 2. Claims (2)-(3)

Petitioner did not present these specific ineffective assistance of counsel claims either to the state court of appeals or to the state supreme court. Id., Exhibits 11-12, 15, 18, 25, 27, 29-30, 33.

### 3. Claim (4)

While petitioner did allege in briefing before the state courts that defense counsel was ineffective in having allowed Detective Pfitzer to testify as a medical expert without objection, he did not present to the state courts the specific allegations contained in claim (4) that defense counsel failed to object to the state's request in allowing Detective Pfitzer to be present throughout all of the other testimony and then to be recalled as a rebuttal witness. Petition, p. 5(r); Record, Exhibit 12 at p. 5, Exhibit 18 at pp. 9, 11.  As such, petitioner has failed to exhaust his state remedies with respect to this claim.

### 4. Claim (5)

Petitioner did not present this specific ineffective assistance of counsel claim either to the state court of appeals or to the state supreme court. Id., Exhibits 11-12, 15, 18, 25, 27, 29-30, 33.

### 5. Claims (6)-(8)

Petitioner appears to have presented and alerted the state courts as to the federal nature of these specific ineffective assistance of counsel claims. Id., Exhibit 12 at p. 4-5, Exhibit 18 at pp. 9, 11.   The court thus finds he has exhausted his state court remedies with respect to these claims.

### 6. Claim (9)

Although it is arguable petitioner presented and alerted the state court of appeals as to the federal nature of his allegation that defense counsel was ineffective in objecting to the state's misconduct in its treatment of witness testimony (Id., Exhibit 12, p. 6), as a whole he did not fairly and fully present this specific claim of failure to object to the state's prosecutorial misconduct to either the state court of appeals or to the state's highest court. See Id., Exhibit 11, 12, 15, 18, 25, 27, 29-30, 33.  As such, petitioner has failed to exhaust his state remedies with respect to those other allegations.

### 7. Claim (10)

Petitioner appears to have presented and alerted the state courts as to the federal nature of this specific ineffective assistance of counsel claim. Record, Exhibit 12 at p. 4, Exhibit 18 at pp. 9.  Thus, the court finds he has exhausted his state court remedies with respect to this issue.

        8.     <u>Claim (11)</u>

Petitioner did not present this specific ineffective assistance of counsel claim either to the state court of appeals or to the state supreme court. <u>Id.</u>, Exhibits 11-12, 15, 18, 25, 27, 29-30, 33.

    C.     <u>Ground Three</u>

Petitioner alleges that an accumulation of all of the above trial errors denied him his constitutional right to a fair and impartial jury trial under the Sixth Amendment. Petitioner did present and alert the state court of appeals as to the federal nature of this ground (<u>Id.</u>, Exhibit 12, pp. 43-45). However, petitioner did not present this ground to the state's highest court, let alone alert it to the federal nature of that claim, other than to request in the petition for review he filed with the Washington State Supreme Court that it be accepted for review based on his *pro se* brief and that of his assigned counsel. <u>Id.</u>, Exhibit 18, pp. 12-13. As discussed above, mere reference to prior appellate briefs is hardly sufficient for purposes of meeting the federal *habeas corpus* exhaustion requirement.

III.    <u>Petitioner's Mixed Petition</u>

When a petitioner has defaulted on his claims in state court, principles of federalism, comity, and the orderly administration of criminal justice require that federal courts forego the exercise of their *habeas corpus* power. <u>Francis v. Henderson</u>, 425 U.S. 536, 538-39 (1976). Rules that promote prompt resolution of all constitutional claims at the appropriate state court proceeding must be respected by a federal *habeas* court. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731-32 (1991). Thus, federal courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." <u>Rhines v. Weber</u>, 125 S. Ct. 1528, 1532-33 (2005). Instead, such petitions "must be dismissed for failure to completely exhaust available state remedies." <u>Jefferson v. Budge</u>, 419 F.3d 1013, 2005 WL 1949886 *2 (9th Cir. 2005) (citing <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22 (1982)).

As discussed above, of all the claims petitioner has made in his petition for writ of federal *habeas corpus* relief, only the following have been properly exhausted:

(a)    prosecutorial misconduct: (i) improper jury instructions were presented that relieved the state of its burden of proving sexual intercourse as an element of first degree rape, instead of requiring proof of only sexual contact (Petition, pp. 5(e)-(f)); and (ii) there was insufficient medical and other evidence on which the state could prove the sexual intercourse element of the charge of rape in the first degree (Petition, pp. 5(g)-(i);

(b)    the trial court abused its discretion by allowing the state to add a jury instruction, which allowed the state to "find guilt of a non-existent crime . . . through

    alternate means" (Id., p. 5(p)); and

 (c) defense counsel was ineffective in: (i) not properly cross-examining "the accusing witness which in turn got Petitioner's private investigator's rebuttal testimony denied" (Id., p. 5(r)); (ii) not objecting to "crime scene" photographs being used as evidence at trial "without any DNA analyzation to match" petitioner (Id., p. 5(s)); (iii) not combining count I (rape in the first degree) and count II (assault in the second degree) before trial (Id.); (iv) not objecting to the addition of a jury instruction that allowed the state to find guilt of a "non-existent" crime "through alternative means" (Id.); and (v) not submitting her own jury instructions (Id., p. 10).

Petitioner thus has presented a mixed petition containing both exhausted and unexhausted federal claims. As such, the court must dismiss his petition. Before doing so, however, the court is required to provide petitioner with "the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Id.; see also Rhines, 125 S. Ct. at 1535; Tillema v. Long, 253 F.3d 494, 503 (9th Cir. 2001) (court must provide *habeas corpus* litigant with opportunity to amend mixed petition by striking unexhausted claims).

  With respect to the first option, respondent argues petitioner is now procedurally barred from returning to state court to exhaust his remaining claims. A *habeas corpus* claim is barred from federal review where the petitioner has failed to exhaust state remedies and the state's highest court would now find the claim to be procedurally barred. Coleman, 501 U.S. 735 n.1. To give litigants "a fair opportunity to comply with known procedural rules, the controlling state procedural bar is the one in place at the time the claim should have been raised." Calderon v. U.S. District Court for the Eastern District of California, 103 F.3d 72, 75 (9th Cir. 1996). Therefore, "[o]nly if the bar is 'firmly established and regularly followed' at that time will it serve as an adequate ground to foreclose federal review." Id.

  In 1989, the Washington State Legislature enacted the following prohibition against the filing of successive collateral attacks:

> If a person has previously filed a petition for personal restraint, the court of appeals will not consider the petition unless the person certifies that he or she has not filed a previous petition on similar grounds, and shows good cause why the petitioner did not raise the new grounds in the previous petition. . . . If upon review, the court of appeals finds that the petitioner has previously raised the same grounds for review, or that the petitioner has failed to show good cause why the ground was not raised earlier, the court of appeals shall dismiss the petition on its own motion without requiring the state to respond to the petition.

RCW 10.73.140. Under Washington law, the term "collateral attack" is "any form of postconviction relief other than a direct appeal." In re Becker, 143 Wn.2d 491, 496 (2001) ("collateral attack" includes personal

Page - 15

1  restraint petitions and motions for new trial). Collateral attacks "cannot simply be a reiteration of issues
2  finally resolved at trial and upon appellate review." Id.  Rather, they "must raise new points of fact and law
3  that were not or could not have been raised in the principal action." Id.  Washington courts thus may not
4  consider a personal restraint petition or other equivalent motion "if the movant has previously brought a
5  collateral attack on the same or substantially similar grounds." Id.

6       Respondent argues that because he already has raised many of his unexhausted claims in the direct
7  appeal of his conviction or in his motion for a new trial, he is precluded by the state prohibition on filing
8  successive petitions from returning to state court to exhaust those claims. Respondent further argues that
9  petitioner has not shown good cause for failing to raise those claims earlier. Many of the claims petitioner
10 failed to exhaust, however, are unexhausted, needless to say, because he did not alert the state courts as to
11 their federal nature. It is not entirely clear that the state courts' analysis of those issues under federal law
12 would be the same as their analysis of those issues under state law, or indeed that the state courts would
13 even see them as the same issues under state and federal law. Thus, the court cannot say for certain that
14 petitioner would be procedurally barred on this basis alone.

15      Petitioner can demonstrate "good cause" under RCW 10.73.140, "if he can show that there was an
16 external objective impediment preventing him from raising the issues, rather than a self-created hardship."
17 In re Personal Restraint Petition of Vazquez, 108 Wn.App. 307, 315 (2001). The court cannot say based
18 on the record before it that petitioner was prevented from presenting his unexhausted claims to the state
19 courts earlier. Petitioner implies he had some issues regarding communication with his assigned counsel
20 concerning the issues to be included in briefing to the state courts. The record, however, shows petitioner
21 was able to brief the state courts both as a *pro se* petitioner and through assigned counsel, and it is not at
22 all clear that such communication issues constitute an "external objective impediment" under state law.
23 Accordingly, it also is not clear that petitioner would be unable to show good cause or that he would now
24 be procedurally barred from returning to state court.

25      Accordingly, petitioner shall file by **no later than November 3, 2005**, either an amended petition
26 setting forth only those claims noted above that the court has found to be fully exhausted or a response
27 stating he will return to state court to exhaust the remaining claims. If petitioner chooses to file an
28 amended petition, the court, upon receipt thereof, shall set a schedule for further briefing. If petitioner
   chooses to return to state court to exhaust the remaining claims, the court shall recommend dismissal of his

ORDER
Page - 16

1  federal *habeas corpus* petition without prejudice.  **Failure to so respond to the court's order by the**
2  **above date will result in a recommendation of dismissal of this matter without prejudice.**
3      The clerk is directed to send a copy of this order to petitioner and counsel for respondent.
4      DATED this 3rd day of October, 2005.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 17