UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH WAYNE WEBB,

        Petitioner,

   v.

ALICE PAYNE,

        Respondent.

Case No.  C05-5088RJB

ORDER DENYING PETITIONER'S MOTION FOR ASSIGNMENT OF COUNSEL

    This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  This matter is before the court on plaintiff's filing of a motion for assignment of counsel. (Dkt. #26).  The court, having reviewed petitioner's motion, hereby finds and ORDERS as follows:

    There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).  The court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754.  In deciding whether to appoint counsel, however, the court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

    Petitioner has not requested that he be allowed to conduct discovery in this matter, nor does the undersigned find good cause for granting him leave to do so at this stage of the proceedings. See Rule

ORDER
Page - 1

Governing Section 2254 Cases in the United States District Courts 6(a). In addition, the court has not determined an evidentiary hearing will be required in this case, nor does it appear one is needed at this point. Petitioner also has not shown there is a likelihood of success on the merits. <u>See</u> Rule Governing Section 2254 Cases in the United States District Courts 8(c); Order to Show Cause (Dkt. #22).

Petitioner further argues that assigned counsel would be beneficial in this case should additional briefing be required. While that may be so, that is not the standard, set forth above, used to determine whether or not appointment of counsel is required or proper. Petitioner implies as well that the fact that respondent has legal custody over him, makes it necessary that he have assigned counsel. But this would be true for any prisoner filing a federal *habeas corpus* petition. In other words, petitioner has not shown that his particular conditions of confinement are such that "the interests of justice" require appointment of counsel.

Accordingly, petitioner's motion for assignment of counsel (Dkt. #26) hereby is DENIED.

The clerk shall send a copy of this Order to petitioner and to counsel for respondent.

DATED this 13th day of March, 2006.

Karen L. Strombom
United States Magistrate Judge