UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH WAYNE WEBB,

        Petitioner,

    v.

ALICE PAYNE,

        Respondent.

Case No. C05-5088RJB

ORDER REGARDING
PLAINTIFF'S MIXED PETITION

      Petitioner is a state prisoner currently incarcerated at the McNeil Island Correction Center, located in Steilacoom, Washington. This matter is before the court on his response (Dkt. #25) to the court's order to show cause (Dkt. #22) regarding his petition for writ of *habeas corpus* filed with this court pursuant to 28 U.S.C. § 2254 (Dkt. #1). After reviewing the record and the parties' submissions, the court hereby finds and ORDERS as follows:

      On October 3, 2005, the court issued an order to show cause informing petitioner that the petition he had filed was a mixed petition, containing both exhausted and unexhausted federal claims. The court specifically found that only the following federal claims had been properly exhausted:

    (a)    prosecutorial misconduct: (i) improper jury instructions were presented that relieved the state of its burden of proving sexual intercourse as an element of first degree rape, instead of requiring proof of only sexual contact (Petition, pp. 5(e)-(f)); and (ii) there was insufficient medical and other evidence on which the

ORDER
Page - 1

|   |   |   |
|---|---|---|
|   |   | state could prove the sexual intercourse element of the charge of rape in the first degree (Petition, pp. 5(g)-(i); |
|   | (b) | the trial court abused its discretion by allowing the state to add a jury instruction, which allowed the state to "find guilt of a non-existent crime . . . through alternate means" (Id., p. 5(p)); and |
|   | (c) | defense counsel was ineffective in: (i) not properly cross-examining "the accusing witness which in turn got Petitioner's private investigator's rebuttal testimony denied" (Id., p. 5(r)); (ii) not objecting to "crime scene" photographs being used as evidence at trial "without any DNA analyzation to match" petitioner (Id., p. 5(s)); (iii) not combining count I (rape in the first degree) and count II (assault in the second degree) before trial (Id.); (iv) not objecting to the addition of a jury instruction that allowed the state to find guilt of a "non-existent" crime "through alternative means" (Id.); and (v) not submitting her own jury instructions (Id., p. 10). |

In addition, while respondent argued that petitioner was now procedurally barred from returning to state court to exhaust the remaining unexhausted claims, the court found that it could not say for certain that this was necessarily so. The court therefore directed petitioner to file either an amended petition setting forth only those claims noted above that the court found to be fully exhausted or a response stating he will return to state court to exhaust the remaining claims.

Petitioner did not file an amended petition in response to the court's order to show cause. Instead, petitioner filed a response seeking clarification on certain "issues of concern" relating to that order, and requesting the court taken specific actions with respect to his petition depending on its decision regarding the aforementioned issues of concern. First, petitioner asks that the court re-visit the issue of whether or not he would be procedurally barred if he returned to state court. As stated in its order to show cause, however, it is not clear how the state courts would treat petitioner's remaining unexhausted claims should he return to them.

Petitioner has not presented anything in his response that would change the court's analysis, and thus the court declines to re-visit that issue. While the court does note the issue concerning the one-year statute of limitation period, that is separate from the state procedural bar issue, although it certainly is a consideration petitioner may want take into account in determining how to proceed with this matter. The court though is not in a position to provide him with legal advice in that regard.

Petitioner requests that if the court finds his petition is not a mixed petition, it proceed with the petition as originally filed. As discussed above, however, the court still finds the petition to be mixed. In the alternative (that is, if the court does find the petition is still mixed, as it does here), petitioner requests

ORDER
Page - 2

that the court strike all of the unexhausted claims, and proceed with only the exhausted claims.

As the court declines to change its ruling regarding the mixed nature of the petition, it will read petitioner's response as expressing his wish to strike all of the remaining unexhausted claims rather than to return to the state courts. As he was informed previously in the order to show cause, to do so he must file an amended petition containing only the fully exhausted claims noted above. Accordingly, petitioner shall file such an amended petition by **no later than April 13, 2006**. **Failure to do so will result in a recommendation of dismissal of this matter without prejudice.** Again, as noted in the court's order to show cause, should petitioner choose to file an amended petition, upon receipt thereof, the court shall set a schedule for further briefing.

In addition to the above, petitioner seeks a further clarification in this matter. He states that the court in its order to show cause has brought to his attention that he is under an exceptional sentence, relying principally on the Supreme Court's recent decision in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004). The court, however, did not raise any such issue in its order to show cause. Rather, the court merely noted in the procedural history section, the length of the prison term to which the trial court had re-sentenced him. The court did not provide, and is not now providing, any opinion as to whether or not that term was in fact an exceptional sentence.

Petitioner requests that this court now address this exceptional sentence issue. The court declines to address that issue at this point in the proceedings, as it was not included in any petition that is currently before this court. Of course, should petitioner feel that issue still needs to be addressed in this context, he may include it his amended petition. Petitioner should be aware, however, that the same requirements of timeliness and exhaustion also apply to any additional issues he includes therein.

The clerk is directed to send a copy of this order to petitioner and counsel for respondent.

DATED this 13th day of March, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3