UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH WAYNE WEBB,

        Petitioner,

v.

ALICE PAYNE,

        Respondent.

Case No. C05-5088RJB

SECOND ORDER REGARDING PLAINTIFF'S MIXED PETITION

    Petitioner is a state prisoner currently incarcerated at the McNeil Island Correction Center, located in Steilacoom, Washington. This matter is before the court on the amended petition he filed (Dkt. #29) in response to the Court's first order regarding his mixed petition (Dkt. #28). After reviewing the amended petition, and the remainder of the record, the Court hereby finds and ORDERS as follows:

    On October 3, 2005, the Court issued an order to show cause informing petitioner that the petition he had filed was a mixed petition, containing both exhausted and unexhausted federal claims. The Court specifically found that only the following federal claims had been properly exhausted:

    (a)    prosecutorial misconduct: (i) improper jury instructions were presented that relieved the state of its burden of proving sexual intercourse as an element of first degree rape, instead of requiring proof of only sexual contact (Petition, pp.

ORDER
Page - 1

        5(e)-(f)); and (ii) there was insufficient medical and other evidence on which the state could prove the sexual intercourse element of the charge of rape in the first degree (Petition, pp. 5(g)-(i);

    (b)    the trial court abused its discretion by allowing the state to add a jury instruction, which allowed the state to "find guilt of a non-existent crime . . . through alternate means" (Id., p. 5(p)); and

    (c)    defense counsel was ineffective in: (i) not properly cross-examining "the accusing witness which in turn got Petitioner's private investigator's rebuttal testimony denied" (Id., p. 5(r)); (ii) not objecting to "crime scene" photographs being used as evidence at trial "without any DNA analyzation to match" petitioner (Id., p. 5(s)); (iii) not combining count I (rape in the first degree) and count II (assault in the second degree) before trial (Id.); (iv) not objecting to the addition of a jury instruction that allowed the state to find guilt of a "non-existent" crime "through alternative means" (Id.); and (v) not submitting her own jury instructions (Id., p. 10).

In addition, while respondent argued that petitioner was now procedurally barred from returning to state court to exhaust the remaining unexhausted claims, the court found that it could not say for certain that this was necessarily so. The court therefore directed petitioner to file either an amended petition setting forth only those claims noted above that the court found to be fully exhausted or a response stating he will return to state court to exhaust the remaining claims.

    Petitioner filed his amended petition with the Court on April 16, 2006, which appears to contain all of the issues set forth above. (Dkt. #29). However, petitioner also has included therein the following issue: "It was ineffective assistance of counsel for defense counsel to not object to the state's misconduct in its treatment of witness testimony." Petitioner's Amended Petition, p. 5(i). This issue though is one of the issues the Court specifically found to be unexhausted. See Order to Show Cause, p. 12-14 (Dkt. #22). As such, petitioner's amended petition remains mixed.

    Accordingly, the Court will not accept petitioner's amended petition in its current form. As he was informed previously in the Court's order to show cause, he must file an amended petition containing only the fully exhausted claims noted above. Petitioner, therefore, shall file a second amended petition that contains only those claims, and not the additional claim contained in his amended petition, by **no later than June 2, 2006. As this is the second time petitioner has been warned about including only exhausted claims in his amended petition, failure to do so this time will result in a recommendation of dismissal of this matter without prejudice.** Again, should petitioner choose to file a second amended petition as directed herein, upon receipt thereof, the Court shall set a schedule for further briefing.

The clerk is directed to send a copy of this order to petitioner and counsel for respondent.

DATED this 2nd day of May, 2006.

                                              Karen L. Strombom
                                              United States Magistrate Judge