UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH WAYNE WEBB,

        Petitioner,

v.

ALICE PAYNE,

        Respondent.

Case No. C05-5088RJB

ORDER

      This matter is before the Court on petitioner's second amended petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #32). After reviewing that petition and petitioner's "Clarification to Court's Second Order Regarding Plaintiff's Mixed Petition" (Dkt. #31), the Court finds and ORDERS as follows:

      On October 3, 2005, the Court issued an order to show cause informing petitioner that the petition he had filed was a mixed petition, containing both exhausted and unexhausted federal claims. The Court specifically found that only the following federal claims had been properly exhausted:

    (a)    prosecutorial misconduct: (i) improper jury instructions were presented that relieved the state of its burden of proving sexual intercourse as an element of first degree rape, instead of requiring proof of only sexual contact (Petition, pp. 5(e)-(f)); and (ii) there was insufficient medical and other evidence on which the state could prove the sexual intercourse element of the charge of rape in the first degree (Petition, pp. 5(g)-(i);

ORDER
Page - 1

    (b)    the trial court abused its discretion by allowing the state to add a jury instruction, which allowed the state to "find guilt of a non-existent crime . . . through alternate means" (Id., p. 5(p)); and

    (c)    defense counsel was ineffective in: (i) not properly cross-examining "the accusing witness which in turn got Petitioner's private investigator's rebuttal testimony denied" (Id., p. 5(r)); (ii) not objecting to "crime scene" photographs being used as evidence at trial "without any DNA analyzation to match" petitioner (Id., p. 5(s)); (iii) not combining count I (rape in the first degree) and count II (assault in the second degree) before trial (Id.); (iv) not objecting to the addition of a jury instruction that allowed the state to find guilt of a "non-existent" crime "through alternative means" (Id.); and (v) not submitting her own jury instructions (Id., p. 10).

Order to Show Cause, pp. 14-15 (Dkt. #22). The Court thus directed petitioner to file an amended petition setting forth only those claims noted above that the Court found to be fully exhausted or a response stating he will return to state court to exhaust the remaining claims.

    Petitioner filed an amended petition on April 16, 2006. (Dkt. #29). The Court found, however, that petitioner also had included therein the following unexhausted issue: "It was ineffective assistance of counsel for defense counsel to not object to the state's misconduct in its treatment of witness testimony." Order to Show Cause, p. 2 (Dkt. #30). Accordingly, the Court found petitioner's amended petition was still mixed, and directed petitioner to file a second amended petition containing only those claims he had fully exhausted. Id.

    In response, petitioner filed his Clarification to Court's Second Order Regarding Plaintiff's Mixed Petition and second amended petition. Petitioner first seeks clarification regarding the Court's two prior orders noted above (Dkt. #22 and #30). He states he is not clear why the Court found the issue noted in the previous paragraph was exhausted in the first order to show cause (Dkt. #22, p. 13) but then found it to be unexhausted in the most recent order to show cause (Dkt. #30, p. 2). While it may be that the selected portions of (Dkt. #22) cited by petitioner could be read as being somewhat unclear regarding the Court's intent when read alone, later in that order the Court in no uncertain terms informed plaintiff as to exactly which claims were found to have been fully exhausted (see Dkt. #22, pp. 14-15).

    The Court thus now makes clear that only the following claims noted previously by the Court were exhausted by petitioner:

    (a)    prosecutorial misconduct: (i) improper jury instructions were presented that relieved the state of its burden of proving sexual intercourse as an element of first degree rape, instead of requiring proof of only sexual contact (Petition, pp. 5(e)-(f)); and (ii) there was insufficient medical and other evidence on which the

ORDER
Page - 2

|   |   |
|---|---|
| | state could prove the sexual intercourse element of the charge of rape in the first degree (Petition, pp. 5(g)-(i); |
| (b) | the trial court abused its discretion by allowing the state to add a jury instruction, which allowed the state to "find guilt of a non-existent crime . . . through alternate means" (Id., p. 5(p)); and |
| (c) | defense counsel was ineffective in: (i) not properly cross-examining "the accusing witness which in turn got Petitioner's private investigator's rebuttal testimony denied" (Id., p. 5(r)); (ii) not objecting to "crime scene" photographs being used as evidence at trial "without any DNA analyzation to match" petitioner (Id., p. 5(s)); (iii) not combining count I (rape in the first degree) and count II (assault in the second degree) before trial (Id.); (iv) not objecting to the addition of a jury instruction that allowed the state to find guilt of a "non-existent" crime "through alternative means" (Id.); and (v) not submitting her own jury instructions (Id., p. 10). |

(see Dkt. #22, pp. 14-15; Dkt. #30, pp. 1-2). As such, the claim that "[i]t was ineffective assistance of counsel for defense counsel to not object to the state's misconduct in its treatment of witness testimony" was not exhausted, and may not be included in petitioner's second amended petition.

The Court has reviewed the second amended petition (Dkt. #32) petitioner filed on May 30, 2006, in the event "this Court should find that Petitioner has mistakenly taken this Courts [sic] first order out of context" (Dkt. #31, p. 3). The Court does so find, and further finds that second amended petition contains only those claims the Court has found to be exhausted as discussed above. Accordingly, the Court hereby accepts petitioner's second amended petition for filing. Respondent shall file a response, if any, to that petition by **no later than July 6, 2006**. Petitioner's reply thereto, if any, shall be due by **no later than July 20, 2006**. This matter shall be re-noted for consideration on **July 28, 2006**.

The Clerk shall send a copy of this Order to petitioner and counsel for respondent.

DATED this 6th day of June, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3