UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH WAYNE WEBB,

        Petitioner,

   v.

ALICE PAYNE,

        Respondent.

Case No. C05-5088RJB-KLS

ORDER RE-NOTING DATE FOR CONSIDERATION OF PETITION

    This matter is before the Court on petitioner's second amended petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #32). After reviewing petitioner's second amended petition, respondent's answer thereto, and the remaining record, the Court hereby finds and order as follows:

    On October 3, 2005, the Court issued an order to show cause informing petitioner that the petition he had filed was a mixed petition, containing both exhausted and unexhausted federal claims. The Court specifically found that only the following federal claims had been properly exhausted:

(a) <u>prosecutorial misconduct</u>: (i) improper jury instructions were presented that relieved the state of its burden of proving sexual intercourse as an element of first degree rape, instead of requiring proof of only sexual contact (Petition, pp. 5(e)-(f)); and (ii) there was insufficient medical and other evidence on which the state could prove the sexual intercourse element of the charge of rape in the first degree (Petition, pp. 5(g)-(i);

(b) the trial court abused its discretion by allowing the state to add a jury instruction, which allowed the state to "find guilt of a non-existent crime . . . through alternate means" (<u>Id.</u>, p. 5(p)); and

ORDER
Page - 1

    (c)    defense counsel was ineffective in: (i) not properly cross-examining "the accusing witness which in turn got Petitioner's private investigator's rebuttal testimony denied" (Id., p. 5(r)); (ii) not objecting to "crime scene" photographs being used as evidence at trial "without any DNA analyzation to match" petitioner (Id., p. 5(s)); (iii) not combining count I (rape in the first degree) and count II (assault in the second degree) before trial (Id.); (iv) not objecting to the addition of a jury instruction that allowed the state to find guilt of a "non-existent" crime "through alternative means" (Id.); and (v) not submitting her own jury instructions (Id., p. 10).

Order to Show Cause, pp. 14-15 (Dkt. #22) (emphasis added).  The Court thus directed petitioner to file an amended petition setting forth only those claims noted above that the Court found to be fully exhausted or a response stating he will return to state court to exhaust the remaining claims.

        Petitioner filed an amended petition on April 16, 2006. (Dkt. #29).  The Court found, however, that petitioner also had included therein an additional unexhausted issue, and directed petitioner to file a second amended petition containing only those claims he had fully exhausted.  On June 6, 2006, the Court again reiterated that only the above enumerated claims had been properly exhausted. (Dkt. #33).  The Court did accept for filing though petitioner's second amended petition, which was found to contain only those claims. Id.

        In her answer to the second amended petition, respondent argues petitioner has failed to exhaust claims (a)(i), (a)(ii), (c)(i), and (c)(ii) above.  With respect to claims (c)(i) and (c)(ii), the Court finds its prior determination that those claims were exhausted to have been proper, and thus finds no reason to reverse that determination.  With respect to claims (a)(i) and (a)(ii), respondent argues petitioner failed to raise in state court his improper jury instruction and insufficiency of the evidence claims as prosecutorial misconduct claims, and therefore claims (a)(i) and (a)(ii) are unexhausted.

        It is true petitioner did not raise his improper jury instruction and insufficiency of the evidence claims as prosecutorial misconduct claims.  However, the error here is that of the Court.  In its original order to show cause regarding petitioner's initial mixed petition, the Court found all of his prosecutorial misconduct claims to be unexhausted. (Dkt. #22, pp. 6-8).  The Court then found both the improper jury instruction and insufficiency of the evidence claims to have been exhausted. Id. at pp. 8-9.  However, in later summarizing those claims petitioner had properly exhausted, the Court erroneously listed the above two claims under the prosecutorial misconduct claim heading. (Dkt. #22, p. 14).  Unfortunately, the Court failed to catch this mistake in its subsequent orders as well.

ORDER
Page - 2

As such, petitioner's improper jury instruction and insufficiency of the evidence claims are not prosecutorial misconduct claims, and they never were. In addition, as the Court previously found those two claims in themselves to have been fully exhausted, no issue of unexhausted claims remains in this case. The Court thus does not find it necessary for petitioner to amend his petition yet again. On the other hand, the Court does recognize that its prior orders may have confused the parties regarding the nature of petitioner's improper jury instruction and insufficiency of the evidence claims.

The Court, therefore, shall grant the parties another opportunity to brief any remaining issues concerning petitioner's improper jury instruction and insufficiency of the evidence claims, in light of the fact that all claims of prosecutorial misconduct are no longer before the Court. Any such additional briefing, however, may address <u>only</u> the improper jury instruction and insufficiency of the evidence claims. Accordingly, respondent's supplemental response brief, if any, shall be filed by **no later than September 18, 2006**. Petitioner's supplemental reply brief, if any, shall be filed by **no later than September 21, 2006**. The Clerk shall re-note petitioner's second amended petition (Dkt. #32) for consideration on **September 22, 2006**.

The Clerk shall send a copy of this Order to petitioner and counsel for respondent.

DATED this 14th day of August, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3